IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:09-CR-101-D(01) |
| VS. § | |
| § | |
| JAMES GREGORY MORRIS, § | |
| § | |
| Defendant. § | |

AMENDED MEMORANDUM OPINION

Defendant James Gregory Morris ("Morris") was charged in a three-count indictment with two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (counts one and two), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Morris waived a jury trial, and the case was tried to the court without a jury on July 6, 2010. On July 6, 2010 the court found Morris guilty on each count. Pursuant to Fed. R. Crim. P. 23(c), the court states its specific findings of fact in this memorandum opinion.[*]

I

The indictment is merely a formal charge against Morris and is not evidence of guilt. The law presumes that Morris is innocent of each charge and does not require that Morris prove his innocence or produce any evidence at all. The government has the burden of proving each element of each offense charged by proof beyond a

---

[*]The memorandum opinion also contains other matters, such as conclusions of law and standards for weighing the evidence.

reasonable doubt.

Although the government's burden of proof is a strict or heavy burden, it is not necessary that the government prove Morris' guilt beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning Morris' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all of the evidence in the case.  Proof beyond a reasonable doubt is proof of such a convincing character that the court, as trier of fact, would be willing to rely and act upon it without hesitation in the most important of its own affairs.

The court must consider only the evidence in the case, but it is also permitted to draw reasonable inferences from the testimony and exhibits as it feels are justified in light of common experience.  The court may make deductions and reach conclusions that reason and common sense lead it to draw from the facts established by the evidence in the case.

The court may consider both direct and circumstantial evidence.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight the court may give, as trier of

fact, to either direct or circumstantial evidence. The law only requires that the court weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before it may find the defendant guilty.

Morris had the right not to testify. But because he testified, the court as trier of fact weighs his testimony and evaluates his credibility in the same way as that of any other witness.

During the trial, the government presented evidence of alleged acts of Morris that it contends is not extrinsic evidence under Fed. R. Evid. 404(b) but that it has identified in case the court determines that Rule 404(b) applies. The court concludes that none of this evidence is extrinsic under Rule 404(b). Alternatively, to the extent that any of the evidence is extrinsic—including evidence that pertains to acts that may be similar to those charged in the indictment, but allegedly were committed on other occasions—the court, as trier of fact, is not permitted to consider any of this evidence in deciding whether Morris committed the acts charged in the indictment. The court is, however, permitted to consider the evidence for other, very limited, purposes.

Having found beyond a reasonable doubt from other evidence in the case that Morris did commit the acts charged in the indictment, the court is permitted to consider evidence of the similar acts

allegedly committed by Morris on other occasions to determine whether Morris had the knowledge or intent necessary to commit the crimes charged in the indictment or whether he committed the acts for which he is on trial by accident or mistake.

Assuming that the evidence is extrinsic under Rule 404(b), these are the limited purposes for which the court can consider any evidence of other similar acts.

Each count of the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient for the government to prove beyond a reasonable doubt that the offense in question was committed on a date reasonably near the date alleged in the indictment.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

For the government to prove that Morris acted knowingly, it must prove that he was aware both of the sexually explicit nature of the material and that the material visually depicted a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8) provides, in relevant part, that the term

> "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where––(A) the production of such visual depiction involves the use of a minor engaging

      in sexually explicit conduct[.]

18 U.S.C. § 2256(5) provides that the term

> "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format[.]

18 U.S.C. § 2256(1) provides that the term "'minor' means any person under the age of eighteen years[.]"

Under 18 U.S.C. § 2256(2)(A), "'sexually explicit conduct' means actual or simulated——(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person[.]"

Not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition of the genitals or pubic area requires that the court consider the overall content of the material. The court should consider the following factors: (1) whether the focal point of the visual depiction is of the child's genitalia or pubic area; (2) whether the visual setting is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether

- 5 -

the child is fully or partially clothed or nude; (5) whether the visual depiction suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.  A visual depiction need not involve all of these factors to be a lascivious exhibition of the genitals or pubic area.  The determination must be made based on the overall content of the visual depiction, taking into account the age of the minor.

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

Commerce includes travel, trade, transportation, and communication.

Transmission of child pornography by means of the Internet constitutes transportation in interstate or foreign commerce by computer within the meaning of 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252A(a)(5)(B).

Under 18 U.S.C. § 1030(e)(1),

> the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device[.]

II

Morris is charged in counts one and two of the indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). 18 U.S.C. § 2252A(a)(2) makes it a crime for a person to knowingly receive any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

To prove Morris guilty of the offense of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), as charged in counts one and two of the indictment, the government must prove each of the following essential elements beyond a reasonable doubt as to the count in question:

> First, that Morris knowingly received any child pornography, as alleged in the count in question; and

> Second, that the child pornography had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

The government proved beyond a reasonable doubt that Morris knowingly downloaded from the Internet videos containing child pornography, including the videos charged in counts one and two of the indictment; accessed websites containing child pornography; admitted to using and to visiting websites containing child pornography; and admitted to electronically saving to his computer hard drive videos and still images containing child pornography.

The court finds that the government proved beyond a reasonable doubt each of the essential elements of the offense of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), as charged in count one of the indictment.

The court finds that the government proved beyond a reasonable doubt each of the essential elements of the offense of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), as charged in count two of the indictment.

III

Morris is charged in count three of the indictment with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). 18 U.S.C. § 2252A(a)(5)(B) makes it a crime for a person to

> knowingly possess[] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or

>           transported in interstate or foreign commerce
>           by any means, including by computer[.]

To prove Morris guilty of the offense of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in count three of the indictment, the government must prove each of the following essential elements beyond a reasonable doubt:

>           <u>First</u>, that Morris knowingly possessed material that contained an image of child pornography, as charged in the indictment; <u>and</u>
>
>           <u>Second</u>, that the child pornography had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that the child pornography was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

The law recognizes two kinds of possession. A person may have actual possession or constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or

constructive possession of a thing, possession is joint.

The element of possession is present if the court finds beyond a reasonable doubt that Morris had actual or constructive possession, either alone or jointly with others.

The government proved beyond a reasonable doubt that Morris knowingly downloaded from the Internet videos and still images containing child pornography, including the videos and still images charged in count three of the indictment; accessed websites containing child pornography; admitted to using and to visiting websites containing child pornography; and admitted to electronically saving to his computer hard drive videos and still images containing child pornography.

The court finds that the government proved beyond a reasonable doubt each of the essential elements of the offense of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in count three of the indictment.

IV

None of the defenses, arguments, or claims on which Morris relied at trial is legally and/or factually sufficient to alter the court's findings that Morris is guilty of each of the charges in the three-count indictment.

July 19, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE