IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-101-D(01) |
| VS. | § | |
| | § | |
| JAMES GREGORY MORRIS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant James Gregory Morris' ("Morris'") July 30, 2010 motion to recuse is denied.

I

Morris waived his rights to counsel and to a jury trial. Following a bench trial, the court found Morris guilty on July 6, 2010 of two counts of receipt of child pornography, 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). He filed the instant motion to recuse on July 30, 2010, accompanied by an affidavit filed pursuant to 28 U.S.C. § 144.

Morris avers in his affidavit that the court is personally biased and prejudiced against him because a non-party detainee, Lester Ruston ("Ruston"), filed several documents in this case that included disparaging remarks directed at the court and Morris' former appointed counsel. These documents bear Ruston's signature, and are not signed by Morris. Morris states that he was not aware

of Ruston's filings until after his trial and conviction,[1] and that Ruston's "personal mailings have caused a personal bias against me by Judge Fitzwater as evidenced by an unfair trial."  Morris Aff. 1, ¶ 5.  Following this averment, Morris sets out complaints about the court's trial-related decisions, *id.* at ¶¶ 6-8, and he also avers that "Judge Fitzwater has never seen me without orange prison clothes and shackles," *id.* at ¶ 9.

II

A motion made under § 144 must be timely.  "A timely motion to recuse is one filed 'at the earliest moment after knowledge of the facts demonstrating the basis' for recusal."  *In re Katrina Canal Breaches Litig.*, 351 Fed. Appx. 938, 944 (5th Cir. 2009) (per curiam) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)).  A party must exercise reasonable diligence in filing an affidavit after discovering the facts showing bias, and the affiant bears the burden of showing good cause for any delay.  *See Tex. Tech Univ. v. Spiegelberg*, 2006 WL 3591606, at *1 (N.D. Tex. Dec. 11, 2006) (Fitzwater, J.).  "Although there is no per se untimeliness, the 'most egregious delay' occurs when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision."

---

[1]Morris avers that Ruston filed these documents without Morris' permission.  The court accepts this statement as true for purposes of deciding this motion.

*Hill v. Breazeale*, 197 Fed. Appx. 331, 335 (5th Cir. 2006) (per curiam) (citing *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

Not only must a § 144 motion be timely, but the affidavit must allege facts that, assumed to be true, show that "the alleged bias [is] personal, as distinguished from judicial, in nature. A motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (internal quotation marks, alteration, and footnotes omitted). "Under § 144 the judge whose impartiality is being questioned must determine the legal sufficiency and timeliness of the affidavit but cannot rule on the substance of the matter alleged." *Hill*, 197 Fed. Appx. at 335 (citing *United States v. Miranne*, 688 F.2d 980, 984-85 (5th Cir. 1982)). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

III

The court first holds that Morris' motion to recuse is untimely. Although the court cannot rule on the substance of the matters Morris has alleged, it must determine the legal sufficiency

and timeliness of his affidavit.

Morris did not file his motion until several weeks after his trial and conviction, and more than six months after the documents signed by Ruston were filed. Morris maintains that he only became aware of Ruston's filings after his trial. He avers that he first learned of the filings when he had the opportunity to review discovery. Assuming that these assertions are true, the court still concludes that Morris' motion and affidavit are untimely. This is so because—even if Morris was previously unaware that Ruston had made these filings in his case—Morris himself made *pro se* filings that contained the same or similar assertions as those found in Ruston's filings.² Morris signed and filed a *pro se* December 31, 2009 petition for writ of mandamus and motion to dismiss the indictment. That document (1) explicitly cited separate litigation involving Ruston (in language reminiscent of that which Ruston himself uses);³ (2) accused the court of

---

²Morris made these *pro se* filings at a time when he was represented by appointed counsel.

³   [F]orcing such an obvious incompetent counsel on a defendant violates rights secured by further statutes 28 U.S.C. §§ 144, 351 and 455, which petitioner submits is the "custom, policy and practice" of Judge Sidney Fitzwater, see *U.S. v. Ruston*, 09-10252 (5th Cir. 2009, pending), *In re Ruston*, 09-10913 (5th Cir. 2009, pending) and *Ruston v. Dallas County, et al.*, 09-10976 (5th Cir. 2009, pending).

Morris Dec. 31, 2009 Pet. 5.

wrongdoing in matters related specifically to Ruston;[4] and (3) disparaged the court and Morris' appointed counsel in a manner similar to the filings signed by Ruston.[5]  Morris' petition was

---

[4] Further, petitioner [Morris] has obtained his own consultant, who[] is aware of the "fact" Sidney Fitzwater has used taxpayers funds for the purposes of aiding and abetting continuous criminal enterprises, which violates all of the statutes 28 U.S.C. §§§§ 144, 351, 453, and 455.

Sidney Fitzwater is allegedly assisting the U.S. Attorney's Office of the Northern District of Texas, Dallas Division, in funding multiple criminal enterprises with Allison Ruston-Smith is involved, and has used Allison Ruston-Smith to assess mental health, when she is a high school drop-out, who worships space aliens from "Planet Kolob", and invisible "Golden Plates" that have lead to decades of wanton acts of murder.

Morris Dec. 31, 2009 Pet. 6.

[5]The filings signed by Ruston asserted that the court (among other things) was corrupt, "has engaged in actions which demonstrate mental incapacitation," was engaged in criminal enterprises, was engaged in a conspiracy with Ruston's sister and mother, and was "criminally insane, and unfit to sit on a federal bench." Jan. 13, 2010 Aff.  Ruston also accused the Federal Public Defender's office of conspiring with the court to commit crimes and deny Morris his constitutionally-protected rights.  Jan. 21, 2010 Supp. Aff.

Likewise, the petition that Morris signed accused the court of conspiring with Morris' counsel to deny Morris his rights, failing to uphold its oath of office, forcing incompetent counsel on Morris, involving itself in a "civil conspiracy," aiding criminal enterprises, and obstructing justice.  Morris Dec. 31, 2009 Pet.  Morris also asserted that his appointed counsel lied to and threatened Morris, conspired to deny him his constitutionally-protected rights, had a "'delusional' belief system," and had committed malpractice.  *Id.*

filed two weeks before Ruston made the first of his filings. Thus assuming the contents of Ruston's filings caused the court to be personally biased against Morris, Morris' own filings also had this effect. Morris was obviously aware of his own filings well in advance of his trial and conviction. Even if Ruston's and Morris' filings differ in their details,[6] their attacks on the court and Morris' counsel are largely cut from the same cloth. Morris knew, from the time of his December 31, 2009 petition, that the alleged cause of personal bias and prejudice existed, but he failed to file his motion and affidavit until seven months later, after he had been tried and convicted. He therefore failed to file his motion at the earliest moment after obtaining knowledge of the facts demonstrating the basis for recusal, and the motion is denied as untimely.

IV

The court holds, second, that, even if Morris' motion and affidavit are considered timely, the motion must be denied because Morris' affidavit is legally insufficient.

To warrant recusal under § 144, alleged bias must be personal, as distinguished from judicial, in nature. Although Morris asserts that the court "has a personal bias and prejudice against [him]," Morris. Aff. 1, ¶ 3, he also avers that "[Ruston's] personal

---

[6]For instance, the court recognizes that Morris' petition does not make the same accusations as does Ruston's filings regarding the court's mental competence.

mailings have caused a personal bias against me by Judge Fitzwater *as evidenced by an unfair trial*," *id.* at ¶ 5 (emphasis added). In other words, his proof that Ruston's filings caused the court to be personally biased and prejudiced against him are found in the court's judicial decisions made in his case. But apart from the court's rulings, Morris offers no proof (other than his own conclusory assertions) that the court is personally biased and prejudiced against him. And "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Scroggins*, 485 F.3d at 830. Morris has made neither showing. The alleged cause of personal bias and prejudice—Ruston's filings—arises from conduct in this case, not from an extrajudicial source. And Morris has not demonstrated that the court's rulings demonstrate such a high degree of antagonism as to make fair judgment impossible. Morris' affidavit is therefore legally insufficient to warrant recusal.

\* \* \*

Because Morris' motion and affidavit are both untimely and legally insufficient under § 144, the court is not required to recuse or to refer this matter to another judge. *See Henderson v.*

*Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). The motion is therefore denied.

    **SO ORDERED.**

August 16, 2010.

                                      _____
                                      SIDNEY A. FITZWATER
                                      CHIEF JUDGE