```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:09-CR-101-D(01) |
| VS. § | |
| § | |
| JAMES GREGORY MORRIS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant James Gregory Morris' ("Morris'") August 12, 2010 motion to dismiss indictment is denied.

I

Morris waived his rights to counsel and to a jury trial. Following a bench trial, the court found Morris guilty on July 6, 2010 of two counts of receipt of child pornography, 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). He now moves to dismiss the indictment,[1] asserting that it is fatally flawed because it does not charge a crime or contain any element of an offense. He also maintains that the court's guilty verdict violates due process because he was

---

[1]The government asserts that Morris' motion is untimely under Fed. R. Crim. P. 12(b)(3) and (e). "[O]bjections based on defects in the indictment, other than those attacking jurisdiction or claiming that the indictment fails to charge an offense, are waived if not made prior to trial." *United States v. McCord*, 33 F.3d 1434, 1444 n.24 (5th Cir. 1994). Because the court concludes that Morris' motion lacks merit, it will assume that the motion falls within one of the recognized exceptions to the requirement that such a motion be made before trial.

tried and convicted of charges not made or on which he was not tried.[2]

II

A

Morris first asserts that counts one and two of the indictment are flawed because they do not specify the particular subparagraph of 18 U.S.C. § 2252A(a)(2) under which he was charged. In other words, he maintains that the indictment should have charged him with violating 18 U.S.C. § 2252A(a)(2)(A) or 18 U.S.C. § 2252A(a)(2)(B), and it instead charges in counts one and two only violations of 18 U.S.C. § 2252A(a)(2).

Courts "review indictments liberally when they are challenged for the first time after a verdict." *United States v. Chisum*, 502 F.3d 1237, 1244 (10th Cir. 2007) (quoting *United States v. Avery*, 295 F.3d 1158, 1176 (10th Cir. 2002)). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment adequately charges an offense if it (1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future

---

[2]Morris includes other arguments that are likely misplaced in a motion to dismiss the indictment. Because the court determines that Morris' theories are meritless, it will not consider whether some of them should have been presented through another motion.

prosecutions." *United States v. McBirney*, 2006 WL 2432675, at *8 (N.D. Tex. Aug. 21, 2006) (Fitzwater, J.) (internal quotation marks omitted), *aff'd*, 261 Fed. Appx. 741 (5th Cir. 2008). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).

Subparagraph A of 18 U.S.C. § 2252A(a)(2) prohibits receipt and distribution of "any child pornography," while subparagraph B applies to "*any material that contains* child pornography" (emphasis added).[3] In other words, the two subparagraphs are identical except for the addition in subparagraph B of the words "material that contains."[4] An indictment must "give the official or customary citation of the statute, rule, regulation, or other

---

[3]The court refers to the statute as it read in 2006, when Morris committed the offenses charged in the indictment.

[4]18 U.S.C. § 2252A(a)(2)(A) and (B) provided in 2006:

(a)  Any person who——

          \*    \*    \*

(2) knowingly receives or distributes——

    (A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

    (B) any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer[.]

provision of law that the defendant is alleged to have violated." Rule 7(c)(1). But Morris has not demonstrated that the failure to cite one of the two subparagraphs of 18 U.S.C. § 2252A(a)(2) constitutes an omission of the "official or customary citation." Moreover, even if he could make this showing, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation *nor a citation's omission* is a ground to dismiss the indictment . . . or to reverse a conviction." Rule 7(c)(2) (emphasis added). Morris has not shown that he was misled or prejudiced by the omission of the subparagraph citation. Indeed, it is difficult to see how he could have been prejudiced. Section 2252A(a)(2) has only two subparagraphs; the only difference between subparagraphs (A) and (B) is that (A) applies to child pornography and (B) applies to material that contains child pornography; and counts one and two of the indictment clearly charge that Morris "knowingly received child pornography," making plain that subparagraph A was the relevant provision.[5] Therefore, Morris' first argument fails.

---

[5]In its amended memorandum opinion, the court specifically found that the government proved beyond a reasonable doubt each of the essential elements of the offense of receipt of child pornography, one element of which was "that Morris knowingly received any child pornography, as alleged in the count in question," i.e., that he had violated 18 U.S.C. § 2252A(a)(2)(A).

B

Morris argues second that, while one could assume that counts one and two intend to charge violations of 18 U.S.C. § 2252A(a)(2)(A)—because the words "any material that contains" are omitted—the indictment contains wording differences that are significant to the meaning. Morris contends that the indictment (1) replaced several occurrences of the word "or" with the word "and"; and (2) added the phrase "by downloading from the internet to his home computer," which is not contained in the statute. He argues that it is impossible for something to be downloaded from the Internet and also to have been mailed, shipped, *and* transported in interstate and foreign commerce. Morris argues that the indictment is defective because it is impossible for data to be downloaded and mailed, shipped, and transported using the Internet. He also contends that the government failed to offer proof at trial of interstate commerce travel, much less proof of interstate and foreign commerce, as worded in the indictment. He advances the same argument regarding count three, i.e., that there was no evidence that the material was mailed, shipped, and transported in interstate and foreign commerce.

Morris' argument reflects a misunderstanding of how indictments are framed. "Indictments often allege conjunctively elements that are disjunctive in the corresponding statute, and this does not require . . . that the government prove all of the

statutorily disjunctive elements[.]" *Omari v. Gonzales*, 419 F.3d 303, 308 n.10 (5th Cir. 2005). "A disjunctive statute may be pleaded conjunctively and proven disjunctively." *United States v. Gonzales*, 484 F.3d 712, 715 (5th Cir. 2007) (per curiam) (alteration and quotation marks omitted). In other words, although the indictment alleges in counts one and two that Morris knowingly received child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, the government was only required to prove beyond a reasonable doubt that the child pornography had been (a) mailed *or* shipped *or* transported (b) in interstate *or* foreign commerce. The government met this evidentiary burden.

The same is true for count three. Although the indictment alleges that Morris knowingly possessed material that contained child pornography that was mailed, shipped, and transported in interstate commerce, the government was only required to prove beyond a reasonable doubt that Morris knowingly possessed material that contained child pornography that was mailed *or* shipped *or* transported in interstate commerce. The government met this evidentiary burden as well.

Morris' related contention that the government failed to prove the required interstate or foreign commerce nexus is also misplaced. First, the government was only required to prove an interstate commerce, not a foreign commerce, connection because it

could plead conjunctively and prove disjunctively. Second, as the court previously explained in its July 19, 2010 order, once the government proved beyond a reasonable doubt that Morris knowingly downloaded the child pornography from the Internet, the connection with interstate commerce was satisfied. *See United States v. Runyan*, 290 F.3d 223, 242 (5th Cir. 2002) (holding that "the Government must provide some evidence linking the specific images supporting the conviction to the Internet in order to establish an interstate commerce connection under § 2252A"). "The evidence indicating that [Morris] took these images from the internet provided the [court] with sufficient evidence to find that they moved in interstate commerce." *See United States v. Venson*, 82 Fed. Appx. 330, 332 (5th Cir. 2003) (per curiam). The government proved the interstate commerce connection beyond a reasonable doubt by establishing that Morris knowingly downloaded from the Internet the child pornography identified in the indictment. Morris' second argument is likewise insufficient to warrant relief.

C

Morris contends third that he was convicted in violation of due process. Because Morris was tried and convicted of the charges contained in the indictment, there was no due process violation.[6]

---

[6]Morris' assertion that he was not convicted of the same charges that were contained in the indictment stems from the flawed premise that the indictment contained a defective citation of the charging statute.

He was not, as he maintains, tried and convicted of charges that were not alleged, tried, or proved beyond a reasonable doubt.  Nor was he convicted of charges in an indictment that did not actually charge a crime.  All three counts contained the essential elements of the offenses charged.

In making this argument, Morris refers to a guilty verdict's having been rendered twice and to the evidence's having been evaluated twice.  These characterizations are inaccurate.

There was only one verdict.  The court found Morris guilty on all three counts in a verdict returned on July 6, 2010.  After the court returned its verdict, it filed a July 6, 2010 memorandum opinion that stated its specific findings of fact.[7]  Although the indictment accurately alleged, and the government proved beyond a reasonable doubt, the essential elements of all three offenses under the 2006 version of § 2252A that was in force when Morris committed these crimes, the July 6, 2010 memorandum opinion quoted language from the current version of § 2252A.  The court therefore filed an amended memorandum opinion on July 19, 2010

> to reflect the text of the statutes as of September 29, 2006, October 16, 2006, and October 17, 2006 (the dates of the offenses charged in the indictment) and to explain why the court found that the government proved beyond a reasonable doubt each of the essential elements of each offense charged

---

[7]Because neither party requested this before the court found Morris guilty, the court was not required to file this opinion. *See* Rule 23(c).

>     under the statutes in effect at the time of
>     the offenses charged.

July 19, 2010 Order 1. In issuing the amended opinion, the court did not render a second guilty verdict.

Nor did the court evaluate the evidence twice. For purposes of returning a verdict,[8] the court only evaluated the evidence once, during its deliberations that preceded the guilty verdict. It then filed a memorandum opinion for purposes of stating its specific findings of fact. Because that memorandum opinion quoted the 2008 version of § 2252A, the court filed an amended memorandum opinion to reflect the 2006 version of the statute, under which it had evaluated the evidence and returned its verdict. The court did not, however, evaluate the evidence again before filing the amended memorandum opinion.

Morris is not entitled to relief based on his third ground.

\* \* \*

For the foregoing reasons, Morris' August 12, 2010 motion to dismiss indictment is denied.

**SO ORDERED.**

August 23, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[8]The court distinguishes this from its evaluation of the evidence for purposes of deciding Morris' post-verdict motions.