```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                   Plaintiff,  §
                               § Criminal No. 3:09-CR-101-D(01)
VS.                            §
                               §
JAMES GREGORY MORRIS,          §
                               §
                   Defendant.  §
```

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses all filings that defendant James Gregory Morris ("Morris") has made to date that have not been, or may not have been, disposed of in a prior proceeding, memorandum opinion and order, or other order.

I

A

The following documents were filed on the day of trial and—to the extent they seek relief and have not already been denied—are denied as untimely, or, if assumed to be timely, are denied as meritless, frivolous,[1] and/or irrelevant to Morris' criminal prosecution: July 6, 2010 request for the court to take judicial

---

[1] Among Morris' *pro se* filings are those that present frivolous contentions regarding his so-called status as a member of a sovereign and independent nation or that assert claims or defenses under the Uniform Commercial Code or other civil or commercial laws. These types of filings not only lack legal support in the context of this criminal case, but they have been characterized by courts as frivolous.

notice of facts [90];[2] July 6, 2010 declaration of sovereignty and independent nation status [91]; July 6, 2010 UCC FINANCING STATEMENT AMENDMENT [93]; July 6, 2010 motion to strike document 1 [95]; July 6, 2010 pleading of immunity [98]; July 6, 2010 pleading of jurisdiction [99]; July 6, 2010 pleading of no in personam jurisdiction [100]; July 6, 2010 motion to vacate proceeding [103]; and July 6, 2010 request for the court to take judicial notice of facts [106].

B

The following documents were filed on the day of trial and—to the extent they have not already been denied—are denied as untimely, or, if assumed to be timely, are denied as meritless: July 6, 2010 motion for evidentiary hearing (regarding the scope of the search warrant) [94];[3] July 6, 2010 pleading of due process

---

[2] Each number shown within brackets refers to the corresponding document number shown on the court docket.

[3] Morris did not file his suppression motion as of the court-ordered motion deadline. Even if he had filed a timely motion, he would not have been entitled to a hearing. His first ground appears to complain that the government seized fewer computers than it was entitled to seize (i.e., one of five). This is not a basis to suppress the seized evidence. And the second ground asserts that the government seized firearms, ammunition, and miscellaneous items that exceeded the scope of the warrant. But his motion did not even assert that the government intended to introduce any of this evidence at trial. Therefore, he was not entitled to a hearing. *See, e.g., United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983) ("Hearings on motions to suppress are not discovery proceedings, but are instead designed for the presentation of evidence in support of factual allegations which, if proven, would justify the relief sought.").

[96]; and July 6, 2010 pleading of unclean hands [97].

C

On the day of trial, Morris filed a July 6, 2010 response to docket item number seventy seven [105], challenging the court's scheduling order. To the extent it has not already been denied, this filing is denied as meritless.

D

The following documents were filed after Morris' trial and conviction. Assuming *arguendo* that the motions or filings are timely, and to the extent that they seek relief, they are denied as meritless, frivolous, and/or lacking legal relevance: July 29, 2010 pleading of denial of corporate existence [120]; July 29, 2010 pleading of estoppel [121]; July 30, 2010 notice of dishonor [125]; July 30, 2010 statement of agreed facts [126]; August 2, 2010 pleading of novation [128]; August 2, 2010 pleading of subrogation [129]; August 4, 2010 acceptance for value and returned for discharge of presentment 3:09-CR-101-D [130]; August 9, 2010 notice of common law copyright [134]; August 9, 2010 notice of power of attorney [135]; August 9, 2010 notice of security agreement [136]; August 9, 2010 notice of hold harmless indemnity agreement [137]; August 11, 2010 pleading of estoppel (holder-in-due-course) [138]; and August 11, 2010 notice of affirmative defense of setoff [139].

E

The following filings rely on Federal Rules of Civil Procedure that do not apply in this case,[4] and they are denied on that basis and because they are meritless, frivolous, and/or legally irrelevant to this case: August 2, 2010 motion to dismiss for failure to state a claim [127]; August 4, 2010 motion to dismiss under Rule 12(b) for insufficient service of process [131]; August 5, 2010 motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction [132] and affidavit in support [133]; August 17, 2010 motion for judgment on the pleadings [147]; and August 24, 2010 judicial notice of effect of not responding [150].

F

Morris filed on August 13, 2010 a motion for evidentiary hearing [143] regarding his July 6, 2010 motion to vacate proceeding. The court has denied the motion to vacate. *See supra* § I(A). The motion for evidentiary hearing is therefore denied as well.

G

Any other pretrial filing that Morris made that requests relief from the court and that has not been expressly granted or

---

[4]Fed. R. Civ. P. 1 provides, in relevant part, that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 81 does not make the rules applicable to criminal cases. Therefore, the Federal Rules of Civil Procedure do not apply to Morris' case.

denied by court order or during a proceeding on the record is hereby denied.

II

On July 6, 2010, the day of trial, Morris filed a motion for evidentiary hearing regarding indictment issues [92], which was purportedly based on newly-discovered evidence. His only grounds for challenging the indictment are based on the signature of the foreperson. He argues that the signature on the document differs from the signature on other indictments returned by the same grand jury in other cases, despite the fact that the same foreperson purportedly signed each indictment. He also asserts that there are two indictments in this case. To the extent this motion has not already been denied, it is now denied.

An irregularity in the foreperson's signature does not automatically invalidate an indictment. The Supreme Court has long held that "the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984) (citing *Frisbie v. United States*, 157 U.S. 160, 163-165 (1895)). "Even if we assume [defendant's] indictment was not signed by the grand jury foreperson, the proper test for determining the validity of the indictment is whether the defendant has been prejudiced by the alleged deficiency." *United States v. Trevino*, 299 Fed. Appx.

384, 385 (5th Cir. 2008) (per curiam).  Like the complete absence of a foreperson's signature, a discrepancy between two signatures is insufficient to invalidate an indictment.  *See United States v. Bruteyn*, 2010 WL 1434408, at *2 n.3 (3d Cir. Apr. 12, 2010) (unpublished opinion) (holding that defendant's claim that the indictment was unsigned was "wholly frivolous"); *United States v. Irorere*, 228 F.3d 816, 830-31 (7th Cir. 2000).  Here, Morris does not argue that the alleged defects in the indictment have in any way prejudiced him.  And as the court explains next, he likely cannot establish prejudice given the procedures followed in this court to ensure that an indictment has been properly returned.

In this case, the docket shows that the indictment was returned by the grand jury to a district judge, consistent with this court's established procedures and Fed. R. Crim. P. 6(f).  The signature of Judge Solis appears on the indictment, directly below the disputed signature of the foreperson.  The indictment reflects that it was filed in open court, as Rule 6(f) requires.  *See* Rule 6(f) ("The grand jury—or its foreperson or deputy foreperson—must return the indictment to a magistrate judge in open court.").  Under this court's standard procedures, when a district or magistrate judge accepts the return of an indictment or superseding indictment, the judge ensures that at least 12 jurors concur in returning the indictment and that the other requirements for returning a lawful indictment have been met.  The judge's signature

reflects that the judge was satisfied that the indictment was in all respects validly returned. The court therefore concludes that Morris cannot show prejudice based on the alleged variances in the foreperson's signatures. This is especially true where, as here, Morris does not assert that, due to the alleged differences in the signatures, the indictment has deprived him of an awareness of the government's theory of the case or the nature of the charges against him, or that the indictment fails to protect him from future prosecution.

Morris is also mistaken in contending that there are two indictments in this case. Only one indictment was returned and filed.

Morris has not demonstrated that the court should convene a hearing. To the extent this motion has not been previously denied, the July 6, 2010 motion for evidentiary hearing [92] is denied.

**SO ORDERED.**

August 26, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE