IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | |
| | § | NO. 3-09-CR-101-D |
| JAMES GREGORY MORRIS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

On February 18, 2011, the magistrate judge held a hearing on the joint motion for restitution filed by the government and defendant. Assistant U.S. Attorney Jason D. Schall appeared for the government. Defendant appeared in person and through his attorney, Bruce Anton. At the hearing, both parties asked the court to approve an agreement whereby defendant would pay $100.00 to the victim identified as "Vicky" in full satisfaction of his restitution obligation in this case. In return, the government agreed to join in defendant's request to ask this court for a recommendation to the Bureau of Prisons that he be designated to serve his sentence of imprisonment at the Federal Correctional Institution in Seagoville, Texas. Both parties agreed to waive their right to appeal the restitution order, provided the amount of restitution ordered by the court is exactly $100.00. A written restitution agreement, signed by defendant, his attorney, and counsel for the government, was presented to the court for approval.

After considering the restitution agreement, and questioning defendant under oath regarding the contents thereof, the magistrate judge recommends that the agreement be approved. The court previously determined that "Vicky," whose images are among those obtained by defendant over the Internet and which form the basis of his prosecution and conviction for child pornography offenses,

is likely entitled to some amount of restitution. *See United States v. Morris*, No. 3-09-CR-101-D, 2010 WL 5490863 at *5 (N.D. Tex. Dec. 27, 2010), *rec. adopted*, 2011 WL 13749 (N.D. Tex. Jan. 4, 2011). However, there is a significant issue whether 18 U.S.C. § 2259,[1] the statute governing restitution in cases involving the sexual exploitation of children, including the offenses for which defendant was convicted, requires a showing of proximate cause between the victim's losses and the defendant's criminal conduct. The Fifth Circuit has strongly suggested that such a requirement exists. *See In re Amy*, 591 F.3d 792, 794 (5th Cir. 2009) (citing cases). Because of this uncertainty and the inherent difficulty of proving causation in child pornography cases, "Vicky," through her attorney and the government, has consented to drastically reduce the amount of restitution requested from defendant. Some courts have circumvented the proximate cause requirement by awarding a fixed amount of restitution to victims of child pornography offenses. *See, e.g. United States v. Hicks*, No. 1:09-CR-150, 2009 WL 4110260 at *6 (E.D. Va. Nov. 24, 2009) (ordering restitution in fixed amount of $3,000, plus $525 in attorney's fees); *United States v. Brown*, 2:08-cr-1435-RGK-1 (C.D. Cal. Oct. 5, 2009) (ordering restitution in fixed amount of $5,000); *United States v. Ferenci*, No. 1:08-cr-0414-AWI, 2009 WL 2579102 at *2 (E.D. Cal. Aug. 19, 2009) (ordering restitution in

---

[1] Under this statute, the sentencing court must order the defendant to pay the victim "the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1). Compensable losses include costs incurred by the victim for --

(1) medical services relating to physical, psychiatric, or psychological care;

(2) physical and occupational therapy or rehabilitation;

(3) necessary transportation, temporary housing, and child care expenses;

(4) lost income;

(5) attorneys' fees, as well as other costs incurred; and

(6) any other losses suffered by the victim as a proximate result of the offense.

*Id.* § 2259(b)(3).

fixed amount of $3,000). Other courts have allowed the parties to stipulate to a restitution amount. *See, e.g. United States v. Granato*, No. 2:08-cr-198-RCJ-GWF (D. Nev. Aug. 28, 2009) (ordering restitution in stipulated amount of $1,000). In addition to this potential problem of proof, the magistrate judge notes that defendant, who is serving a 240-month prison sentence, has no financial resources with which to pay any more than a nominal restitution award. (*See* PSR at 13, ¶ 64). Under these circumstances, the agreement entered into by the parties is fair, just, and reasonable.

## RECOMMENDATION

The joint motion for a restitution order [Doc. #196] should be granted. The court should order defendant to pay restitution in the amount of $100.00 to the victim identified as "Vicky." The government's motion for a ruling on restitution [Doc. #169] should be denied as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE