IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:09-cr-101-D (01) |
| | § | |
| JAMES GREGORY MORRIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant James Gregory Morris, a federal prisoner, has filed, under Federal Rule of Civil Procedure 60(b)(4), a *pro se* Motion for Relief from Void Judgment (the "Motion for Relief"). *See* Dkt. No. 230. United States District Judge Sidney A. Fitzwater has referred the Motion for Relief to the undersigned United States magistrate judge for hearing, if necessary, and entry of findings and recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 231.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, to the extent that the Motion for Relief is truly a motion under Rule 60(b)(4), the Court should deny it, and, to the extent that the Motion for Relief is substantive, the Court should construe it is an unauthorized successive 28 U.S.C. § 2255 motion to vacate and therefore deny it without prejudice to Morris's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file such a motion.

The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special

Order 3-250, to United States District Judge Sidney A. Fitzwater and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

## Applicable Background

In denying Morris's initial motion to vacate under 28 U.S.C. § 2255, the Court set out the following summary of the federal criminal proceedings to date:

> On April 8, 2009, Petitioner was indicted on two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He made his initial appearance on October 1, 2009, and Assistant Federal Public Defender Douglas Morris was appointed to represent him. On February 9, 2010, the Court permitted Morris to withdraw as counsel and appointed Bruce Anton to represent Petitioner. After the Court granted four continuances of the trial date at the request of defense counsel Morris and Anton, Petitioner filed a motion to proceed *pro se*. The Court issued a pretrial order stating that it would consider Petitioner's motion at the pretrial conference but that trial would commence on July 6, 2010 regardless of whether or not Petitioner was permitted to represent himself. In that order, the Court instructed Anton that he must
>
>> advise Morris that, if the court grants the motion to proceed *pro se*, this will not be grounds to continue the pretrial conference scheduled for Friday, July 2, 2010 at 2:00 p.m. or the trial scheduled for Tuesday, July 6, 2010, and that, if the motion is granted, Morris must be prepared to proceed *pro se* at the July 2, 2010 pretrial conference and at the trial that begins on July 6, 2010.
>
> During the pretrial hearing, Petitioner urged his motion to proceed *pro se*. He was placed under oath and was fully admonished of the rights that he was waiving by representing himself and the responsibilities of proceeding *pro se* at trial. In addition, the following colloquy regarding a continuance took place:
>
>> THE COURT: In light of the penalties that you – that you may suffer if you are found guilty, and in the light of the difficulties of representing yourself, do you still desire to represent yourself and give up your right to be represented

by a lawyer?

THE DEFENDANT: I do, Your Honor. But I would prefer a continuance, if possible.

THE COURT: Well, I'm not going to continue the case whether you're represented by a lawyer or go *pro se*.

THE DEFENDANT: That's fine. Then I'm going to go *pro se*.

THE COURT: Okay. And is your decision entirely voluntary and not the result of coercion, mistreatment, force, threats, or intimidation of any kind?

THE DEFENDANT: It's my own decision.

THE COURT: Okay. And it's completely voluntarily?

THE DEFENDANT: Yes, it is.

The Court found that Petitioner's waiver of his right to counsel and trial by jury were knowingly, intelligently, and voluntarily made and granted Petitioner's motions.

The bench trial occurred on July 6, 2010, and Petitioner was found guilty by the Court of all three counts of indictment. *See United States v. Morris*, No. 3:09-cr-101-D, 2010 WL 2900323 (N.D. Tex. July 19, 2010). The Court departed from the applicable Sentencing Guidelines and sentenced Petitioner to 262 months imprisonment.

Petitioner's conviction was affirmed on direct appeal. *See United States v. Morris*, 443 F. App'x 889 (5th Cir. 2011). Petitioner then filed this timely motion to vacate, set aside, or correct sentence, claiming that the Government failed to prove that the contraband images traveled in interstate commerce, the Court misapplied the United States Sentencing Guidelines ... , and he received ineffective assistance of counsel prior to trial and on appeal.

*Morris v. United States*, No. 3:12-cv-5226-D, 2013 WL 5422923, at *1-*2 (N.D. Tex. Sept. 27, 2013) (some internal citations omitted or modified).

## Legal Standards and Analysis

Federal Rule of Civil Procedure 60(b) provides for relief from a civil judgment or order. And "a judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co.*

-3-

*v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)).

As this standard makes clear, Rule 60(b)(4) concerns civil cases. But that rule is commonly invoked by federal criminal defendants in the context of motions related to post-conviction relief under Section 2255.

When that occurs, "the court must first determine whether the motion 'should be treated as a second or successive [Section 2255 motion or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years

after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id.* (collecting cases); *see, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

Here, the Motion for Relief does not challenge a "defect in the integrity of [Morris's previous] federal habeas proceedings." *Coleman*, 768 F.3d at 371. Morris instead seeks to challenge, through that motion, the underlying criminal judgment. *See, e.g.,* Dkt. No. 230 at 17 ("The facts of the case are completely irrelevant. A court cannot imprison a person [who] is legally innocent. Petitioner is now imprisoned

without legal authority."); *see also id.* at 17-33 (raising some fifteen separate reasons why the criminal judgment is void).

"[T]o the extent that [Morris] 'is challenging his criminal judgment of conviction,'" Rule 60(b)(4) "'is inapplicable and cannot provide him any relief on the claims he alleges.'" *United States v. Garcia*, No. 3:95-cr-264-M (01), 2017 WL 876334, at *1 (N.D. Tex. Feb. 6, 2017) (quoting *Mayes v. Quaterman*, Civ. A. No. H-06-2680, 2007 WL 1465994, at *1 n.1 (S.D. Tex. May 16, 2007)), *rec. accepted*, 2017 WL 880869 (N.D. Tex. Mar. 3, 2017); *see United States v. Beaird*, Crim. No. H-02-633-01, 2007 WL 708576, at *1 (S.D. Tex. Mar. 5, 2007) ("Beaird cannot show that he is entitled to relief from his criminal judgment under any portion of Rule 60(b) because his motion concerns a criminal judgment. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. *See* FED. R. CIV. P. 1, 81; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). 'Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case.' *O'Keefe*, 169 F.3d at 289.").[1]

And, to the extent that Morris seeks to substantively attack his criminal

---

[1] *See also United States v. Masserano*, Crim. A. No. H-92-0225 & Civ. A. No. H-06-2980, 2007 WL 470649, at *3 (S.D. Tex. Feb. 12, 2007) ("[B]ecause Masserano is challenging his criminal judgment of conviction, not his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein."); *United States v. Aird*, Crim. No. 98-0057-WS, 2008 WL 2157146, at *2 (S.D. Ala. May 14, 2008) ("With respect to Aird's motion seeking vacatur of the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner." (collecting cases, including *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings.))).

judgment through, for example, the fifteen issues raised in the Motion for Relief, the motion is a successive Section 2255 motion in disguise. And Morris's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing such a motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants Morris] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether [Morris] should be allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

Given Morris's history of filing frivolous pleadings in this action, *see, e.g.,* Dkt. Nos. 219, 220, 221, 222, 223, 224, 225, 228, & 229, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *King*, 2003 WL 21663712, at *1.

## Recommendation

For the reasons and to extent explained above, the Court should deny the Motion for Relief filed under Rule 60(b)(4) [Dkt. No. 230]. The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of

suit 510 directly assigned, per Special Order 3-250, to United States District Judge Sidney A. Fitzwater and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE